MATTER OF AERO–MEXICO "Flight #142"

In Fine Proceedings

LOS–10/2.860

*Decided by Board July 16, 1975*

Liability to fine lies under section 231 of the Immigration and Nationality Act for failure of the carrier to present a manifest in the form of a separate arrival-departure card (Form I–94) for each alien passenger involved arriving in the United States by air notwithstanding the flight in question originated in Mexico (section 231(a)(2) of the Act; 8 CFR 231.:.(b)).

IN RE: AERO-MEXICO "FLIGHT #142," which arrived at Los Angeles, California, from foreign, on July 17, 1974. 21 alien passengers involved.

BASIS FOR FINE: Act of 1952—Section 231(a), [8 U.S.C. 1221(a)]

| ON BEHALF OF CARRIER: | ON BEHALF OF SERVICE: |
|---|---|
| Emanuel Braude, Esquire | Paul C. Vincent |
| 215 W. 5th Street, Suite 910 | Appellate Trial Attorney |
| Los Angeles, California 90013 | |

In a decision dated January 21, 1975, the district director imposed a fine in the total amount of $210 upon the carrier under section 231(d) of the Immigration and Nationality Act for 21 violations of section 231(a) of the Act. The carrier has appealed from that decision. The appeal will be dismissed.

Section 231(a) of the Act provides:

Upon the arrival of any person by water or by air at any port within the United States from any place outside the United States, it shall be the duty of the master or commanding officer, or authorized agent, owner, or consignee of the vessel or aircraft, having any such person on board to deliver to the immigration officers at the port of arrival typewritten or printed lists or manifests of the persons on board such vessel or aircraft. Such lists or manifests shall be prepared at such time, be in such form and shall contain such information as the Attorney General shall prescribe by regulation as being necessary for the identification of the persons transported and for the enforcement of the immigration laws. This subsection shall not require the master or commanding officer, or authorized agent, owner, or consignee of a vessel or aircraft to furnish a list or manifest relating (1) to an alien crewman or (2) to any other person arriving by air on a trip originating in foreign contiguous territory, except (with respect to such arrivals by air) as may be required by regulations issued pursuant to section 239.

Counsel's initial contention is that since the flight in question origi-

nated in Mexico, section 231(a)(2) of the Act exempts the carrier from the manifest requirements of section 231(a). Counsel's argument, however, overlooks the language of section 231(a)(2) which authorizes the Attorney General, pursuant to the authority granted to him in section 239 of the Act[1], to promulgate regulations making the provisions of section 231(a) applicable even on flights originating in foreign contiguous territory. Pursuant to this authority, the Attorney General has promulgated regulations making the provisions of section 231(a) applicable to all aircraft arriving in the United States except those arriving directly from Canada and those arriving in the Virgin Islands of the United States directly from the British Virgin Islands. 8 CFR 231.1(b). Thus flights arriving from Mexico clearly are subject to the manifest requirements of section 231(a) of the Act.

Next, counsel contends that 8 CFR 231.1(b), which prescribes "a manifest in the form of a separate arrival-departure card (Form I-94)," does not comply with section 231(a), which refers to "typewritten or printed lists or manifests of the persons on board such vessel or aircraft." Once again, counsel's argument ignores the language of section 231(a), which states: "Such lists or manifests shall be prepared at such time, be in such form and shall contain such information as the Attorney General shall prescribe by regulation as being necessary for the identification of the persons transported and for the enforcement of the immigration laws."

Finally, counsel argues that the portion of 8 CFR 231.1(b) which requires the captain or agent to "present a manifest in the form of a separate arrival-departure card (Form I-94) prepared for and presented by each alien passenger on board," does not adequately inform the carrier as to "[j]ust who presents what, and when, pursuant to the regulation." We reject this contention.

The plain meaning of the regulation is that the carrier is responsible for preparing a Form I-94 to be presented by each alien passenger upon inspection by an immigration officer. Moreover, the present violations can hardly be said to be the result of any misunderstanding on the part of the carrier in light of the fact that (1) the record shows that on July 25, 1974, more than three weeks prior to the flight in question, the carrier was warned by the Service on Form I-80, that the alien passengers aboard one of its flights had failed to present the required Forms I-94[2], and (2) this is hardly an isolated instance of violation by this

---

[1] The pertinent protion of section 239 of the Act states: "The Attorney General is authorized . . . (3) by regulation to provide for the application to civil air navigation of the provisions of this Act where not expressly so provided in this Act to such extent and upon such conditions as he deems necessary."

[2] Form I-80 states, in part:

You will receive a similar report for each of your plane arrivals for which deficient

carrier of the manifest requirements of section 231, since by counsel's own admission there were 233 similar penalties pending against the carrier at the time of oral argument (O.A. p. 2).[3]

The district director's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

Forms I-94 are presented or when alien passengers are presented for inspection without Forms I-94.

Your attention is called to the reverse of this letter which contains instructions which may serve as a reminder concerning the proper preparation of Forms I-94.

It is hoped that this information will aid in the preparation of these forms, in order that the inspection and entry of your passengers may be expedited.

[3] We take administrative notice of the fact that this carrier recently has been before us on several occasions with respect to similar violations of the manifest requirements of section 231 of the Act. *Matter of Air Mexico "Flight #144,"* LOS–102.654 (BIA 1974); *Matter of Aeronaves de Mexico "Flight #405,"* NYC–10/52.3151 (BIA 1974).